**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**LOURIE A. ALEXANDER**                                                            **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO.1:10CV196-SA-JAD**

**SHELTER GENERAL INSURANCE COMPANY**
**AND GREG QUILLIN**                                                   **DEFENDANTS**

## OPINION AND ORDER

On April 26, 2011, the Court granted the motion of the Plaintiff's attorney to withdraw. This Order required the Plaintiff, Lourie A. Alexander, to retain new counsel or to advise the Court of her intent to proceed *pro se* within 45 days. The Order cautioned the Plaintiff that the failure to comply with the order of the Court could result in the imposition of sanctions up to and including dismissal of the complaint. A copy of the Order was mailed to the Plaintiff. Plaintiff failed to comply with this Order.

Given Plaintiff's failure to comply with the Court's Order, the Court ordered Plaintiff, on June 13, 2011, to show cause, if any she can, why she failed to comply with the order of the Court and why sanctions should not be imposed. The Court expressly warned the Plaintiff that the sanctions for failure to comply could include dismissing the complaint. The Court ordered Plaintiff to show cause within 14 days of the date of this Order. Plaintiff has not filed any response to date. Nor has Plaintiff filled any other pleading in this matter since the April 26, 2011 withdrawal of her attorney.

This Court has the authority to dismiss an action for plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Curtis v. Quarterman, 340 F. App'x 217, 217-18 (5th Cir. 2009) ("A district court has the

authority to dismiss an action for failure to prosecute or for failure to comply with any court order. The court possesses the inherent authority to dismiss the action sua sponte in the absence of a motion by the defendant."); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988) (finding that a district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order under Federal Rule of Civil Procedure 41(b)). "The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases." Jackson v. Coca-Cola Bottling Co. United, Inc., 2010 WL 4536768, at *2 (S.D. Miss. Nov. 2, 2010). Such a sanction is necessary in order to prevent delay and avoid congestion in the calendars of the court. See Link, 370 U.S. at 630-31, 82 S. Ct. 1386.

The record in this case is clear that Plaintiff has failed to comply with two Court Orders, including an Order to Show Cause. Thus, dismissal – without prejudice – for failure to prosecute, as well as for failing to comply with this Court's Orders, is warranted. While, it is true that a dismissal for failure to prosecute may be with prejudice, see id. at 629, 82 S. Ct. 1386, the Fifth Circuit has "deemed dismissal with prejudice a 'draconian remedy' and a 'remedy of last resort.'" F.D.I.C. v. Conner, 20 F.3d 1376, 1384 (5th Cir. 1994) (quoting Batson v. Neal Spelce Assocs., Inc., 765 F.2d 511, 515 (5th Cir. 1985)). Specifically, in Curtis, the Fifth Circuit found that "district courts have limited discretion to dismiss a claim with prejudice, and th[e] [Fifth Circuit] will affirm such a dismissal only where the history of the case indicates both (1) a clear record of purposeful delay or contumacious conduct by the petitioner and (2) an express determination that the best interests of justice would not be better served by lesser sanctions." 340 F. App'x at 218 (citing Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996)). Further, the Fifth Circuit has recognized that a delay warranting dismissal with prejudice must be longer than

a few months and is characterized by significant periods of total inactivity. See McNeal v. Papasan, 842 F.2d 787, 791 (5th Cir. 1988); John v. Louisiana, 828 F.2d 1129, 1131 (5th Cir. 1987). Likewise, the Fifth Circuit has generally held that the district court abuses its discretion when it dismisses a case with prejudice where the petitioner "fail[s] only to comply with a few court orders." Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1192 & n.6 (5th Cir. 1992) (citing cases). Accordingly, for the reasons stated herein, the Court sua sponte dismisses Plaintiff's claim pursuant to Rule 41(b) for failure to comply with orders of the Court.

SO ORDERED, this the __7th__ day of July, 2011.


/s/  Sharion Aycock
**UNITED STATES DISTRICT JUDGE**